AO 245C (Rev 02/18) Amended Judgment in a Criminal Case
Sheet 1
Case 2:13-cr-00025-CMR   Document 434   Filed 09/04/18   Page 1 of 14
(NOTE: Identify Changes with Asterisks (*))

# UNITED STATES DISTRICT COURT

Eastern District of Pennsylvania

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>JEAN MCINTOSH | ) **AMENDED JUDGMENT IN A CRIMINAL CASE**<br>)<br>) Case Number: DPAE2:13CR00025-002<br>) USM Number: 68895-066 |

**Date of Original Judgment:** August 21, 2018
*(Or Date of Last Amended Judgment)*

Jennifer A. Santiago, Esquire
Defendant's Attorney

**Reason for Amendment:**
☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
X Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant to  ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**
X pleaded guilty to count(s)  1 through 14, 16 through 22, 27,28,30, 33, 34, 35, 43, 52 through 194 and 196.
☐ pleaded nolo contendere to count(s)
  which was accepted by the court.
☐ was found guilty on count(s)
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1962(d) | Conspiracy to participate in a racketeering enterprise. | 10-31-2011 | 1 |
| 18:371 | Conspiracy to commit a hate crime. | 10-15-2011 | 2 |
| 18:249(a)(2) and 2 | Hate crime and aiding and abetting. | 10-15-2011 | 3 |
| 18:249(a)(2) and 2 | Hate crime and aiding and abetting. | 10-15-2011 | 4 |
| 18:249(a)(2) and 2 | Hate crime and aiding and abetting. | 10-15-2011 | 5 |

The defendant is sentenced as provided in pages 2 through 14 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)
☐ Count(s)  ☐ is  ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

FILED
SEP 0 4 2018
KATE BARKMAN, Clerk
By_____ Dep. Clerk

September 4, 2018
Date of Imposition of Judgment

/s/ Cynthia M. Rufe
Signature of Judge

Cynthia M. Rufe, USDJ EDPA
Name and Title of Judge

9-4-18
Date

cc
Counsel
U.S. Probation (1)cc
U.S. Pretrial (1)cc
USMS (2)cc
FLU (1)cc

105

DEFENDANT: McIntosh, Jean
CASE NUMBER: DPAE2:13CR00025-002

# ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:249(a)(2) and 2 | Hate crime and aiding and abetting. | 10-15-2011 | 6 |
| 18:1201(a)(1) and 2 | Kidnapping and aiding and abetting. | 10-15-2011 | 7 |
| 18:1201(a)(1) and 2 | Kidnapping and aiding and abetting. | 10-15-2011 | 8 |
| 18:1201(a)(1) and 2 | Kidnapping (resulting in death of a victim) and aiding and | 11-13-2008 | 9 |
| 18:1959(a)(1) and 2 | Violent crime in aid of racketeering (kidnapping) and aiding and abetting. | 10-31-2011 | 10 |
| 18:1959(a)(1) and 2 | Violent crime in aid of racketeering (kidnapping) and aiding and abetting. | 10-31-2011 | 11 |
| 18:1959(a)(6) | Violent crime in aid of racketeering (conspiracy to assault with dangerous weapons. | 10-31-2011 | 12 |
| 18:1959(a)(6) | Violent crime in aid of racketeering (conspiracy to assault with dangerous weapons. | 11-30-2008 | 13 |
| 18:1584(a) and 2 | Involuntary servitude and aiding and abetting. | 9-30-2008 | 14 |
| 18:1201(a)(1) and 2 | Kidnapping and aiding and abetting. | 8-31-2009 | 16 |
| 18:1201(a)(1) and 2 | Kidnapping and aiding and abetting. | 10-31-20011 | 17 |
| 18:1959(a)(1) and 2 | Violent crime in aid of racketeering (kidnapping) and aiding and abetting. | Late 2009 | 18 |
| 18:1959(a)(1) and 2 | Violent crime in aid of racketeering (kidnapping) and aiding and abetting. | 7-31-2010 | 19 |
| 18:1959(a)(6) | Violent crime in aid of racketeering (conspiracy to assault with dangerous weapons. | 10-31-2011 | 20 |
| 18:1201(a)(1) and 2 | Kidnapping and aiding and abetting. | 10-15-2011 | 21 |
| 18:1959(a)(1) and 2 | Violent crime in aid of racketeering (kidnapping) and aiding and abetting. | 10-31-2011 | 22 |
| 18:1589(a)(1) and 2 | Forced human labor and aiding and abetting. | 10-31-2011 | 27 |
| 18:1201(a)(1) and 2 | Kidnapping and aiding and abetting. | 10-31-2011 | 28 |
| 18:1959(a)(1) and 2 | Violent crime in aid of racketeering (kidnapping) and aiding and abetting. | 10-31-2011 | 30 |
| 18:1201(a)(1) and 2 | Kidnapping and aiding and abetting. | 10-15-2011 | 33 |
| 18:1959(a)(1) and 2 | Violent crime in aid of racketeering (kidnapping) and aiding and abetting. | 10-31-2011 | 34 |
| 18:1959(a)(6) | Violent crime in aid of racketeering (conspiracy to assault with dangerous weapons. | 10-31-2011 | 35 |
| 18:641 and 2 | Theft from government and aiding and abetting. | 10-31-2011 | 43 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 2-12-2009 | 52 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 3-3-2009 | 53 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 4-3-2009 | 54 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 5-1-2009 | 55 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 6-3-2009 | 56 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 7-2-2009 | 57 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 8-3-2009 | 58 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 9-3-2009 | 59 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 10-2-2009 | 60 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 11-3-2009 | 61 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 12-3-2009 | 62 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 12-31-2009 | 63 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 3-2-2010 | 64 |
| 18.1343 and 2 | Wire fraud and aiding and abetting. | 3-3-2010 | 65 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 4-2-2010 | 66 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 5-3-2010 | 67 |
| 18.1343 and 2 | Wire fraud and aiding and abetting. | 6-3-2010 | 68 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 7-2-2010 | 69 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 8-3-2010 | 70 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 9-3-2010 | 71 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 10-1-2010 | 72 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 11-3-2010 | 73 |

AO 245C (Rev 02/18) Amended Judgment in a Criminal Case
Sheet 1A
Case 2:13-cr-00025-CMR   Document 434   Filed 09/04/18   Page 3 of 14
(NOTE: Identify Changes with Asterisks (*))

Judgment   Page   3   of   14

DEFENDANT: McIntosh, Jean
CASE NUMBER: DPAE2:13CR00025-002

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 12-3-2010 | 74 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 1-3-2011 | 75 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 2-3-2011 | 76 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 3-3-2011 | 77 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 4-1-2011 | 78 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 5-3-2011 | 79 |
| 18.1343 and 2 | Wire fraud and aiding and abetting. | 6-3-2011 | 80 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 7-1-2011 | 81 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 8-3-2011 | 82 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 9-2-2011 | 83 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 10-3-2011 | 84 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 2-17-2009 | 85 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 2-27-2009 | 86 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 2-27-2009 | 87 |
| 18.1343 and 2 | Wire fraud and aiding and abetting. | 4-1-2009 | 88 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 4-1-2009 | 89 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 5-1-2009 | 90 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 5-18-2009 | 91 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 5-18-2009 | 92 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 7-1-2009 | 93 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 7-6-2009 | 94 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 12-31-2008 | 95 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 1-30-2009 | 96 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 2-27-2009 | 97 |
| 18.1343 and 2 | Wire fraud and aiding and abetting. | 4-1-2009 | 98 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 5-1-2009 | 99 |
| 18.1343 and 2 | Wire fraud and aiding and abetting. | 6-1-2009 | 100 |
| 18.1343 and 2 | Wire fraud and aiding and abetting. | 7-1-2009 | 101 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 7-1-1009 | 102 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 1-25-2008 | 103 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 2-1-2008 | 104 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 3-3-2008 | 105 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 4-3-2008 | 106 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 5-2-2008 | 107 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 6-3-2008 | 108 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 7-3-2008 | 109 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 8-1-2008 | 110 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 9-3-2008 | 111 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 10-3-2008 | 112 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 11-3-2008 | 113 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 12-3-2008 | 114 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 1-2-2009 | 115 |
| 18.1343 and 2 | Wire fraud and aiding and abetting. | 1-25-2008 | 116 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 1-28-2008 | 117 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 1-30-2008 | 118 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 1-30-2008 | 119 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 1-30-2008 | 120 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 1-30-2008 | 121 |

AO 245C (Rev. 02/18) Amended Judgment in a Criminal Case
Sheet 1A
Case 2:13-cr-00025-CMR   Document 434   Filed 09/04/18   Page 4 of 14
(NOTE Identify Changes with Asterisks (*))

Judgment — Page 4 of 14

DEFENDANT: McIntosh, Jean
CASE NUMBER: DPAE2:13CR00025-002

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 1-30-2008 | 122 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 1-30-2008 | 123 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 1-30-2008 | 124 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 1-30-2008 | 125 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 1-30-2008 | 126 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 1-30-2008 | 127 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 12-3-2008 | 128 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 1-2-2009 | 129 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 1-2-2009 | 130 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 1-2-2009 | 131 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 2-11-2009 | 132 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 3-3-2009 | 133 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 4-3-2009 | 134 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 5-1-2009 | 135 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 6-3-2009 | 136 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 7-2-2009 | 137 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 8-3-2009 | 138 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 9-3-2009 | 139 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 10-2-2009 | 140 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 11-3-2009 | 141 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 12-3-2009 | 142 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 12-31-2009 | 143 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 2-3-2010 | 144 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 3-2-2010 | 145 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 4-2-2010 | 146 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 5-3-2010 | 147 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 6-3-2010 | 148 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 7-2-2010 | 149 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 8-3-2010 | 150 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 9-3-2010 | 151 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 10-1-2010 | 152 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 11-3-2010 | 153 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 12-3-2010 | 154 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 1-3-2011 | 155 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 2-3-2011 | 156 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 4-1-2011 | 157 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 5-3-2011 | 158 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 6-3-2011 | 159 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 7-1-2011 | 160 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 8-3-2011 | 161 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 9-2-2011 | 162 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 10-3-2011 | 163 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 9-3-2010 | 164 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 10-1-2010 | 165 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 11-3-2010 | 166 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 12-3-2010 | 167 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 1-3-2011 | 168 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 2-3-2011 | 169 |

DEFENDANT: McIntosh, Jean
CASE NUMBER: DPAE2:13CR00025-002

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 3-3-2011 | 170 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 4-1-2011 | 171 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 5-3-2011 | 172 |
| 18:1343 and 2 | Wire fraud and aiding and abetting. | 6-3-2011 | 173 |
| 18.1343 and 2 | Wire fraud and aiding and abetting. | 7-1-2011 | 174 |
| 18.1343 and 2 | Wire fraud and aiding and abetting. | 9-2-2011 | 175 |
| 18.1343 and 2 | Wire fraud and aiding and abetting. | 10-3-2011 | 176 |
| 18:1341 and 2 | Mail fraud and aiding and abetting. | 11-20-2008 | 177 |
| 18:1341 and 2 | Mail fraud and aiding and abetting. | 12-17-2008 | 178 |
| 18:1341 and 2 | Mail fraud and aiding and abetting. | 12-18-2008 | 179 |
| 18.1341 and 2 | Mail fraud and aiding and abetting. | 12-22-2008 | 180 |
| 18.1341 and 2 | Mail fraud and aiding and abetting. | 12-31-2008 | 181 |
| 18:1341 and 2 | Mail fraud and aiding and abetting. | 1-2-2009 | 182 |
| 18:1341 and 2 | Mail fraud and aiding and abetting. | 2-27-2009 | 183 |
| 18:1341 and 2 | Mail fraud and aiding and abetting. | 3-2-2009 | 184 |
| 18:1341 and 2 | Mail fraud and aiding and abetting. | 4-14-2009 | 185 |
| 18:1341 and 2 | Mail fraud and aiding and abetting. | 5-1-2009 | 186 |
| 18:1341 and 2 | Mail fraud and aiding and abetting. | 5-18-2009 | 187 |
| 18:1341 and 2 | Mail fraud and aiding and abetting. | 6-1-2009 | 188 |
| 18:1341 and 2 | Mail fraud and aiding and abetting. | 7-1-2009 | 189 |
| 18:1341 and 2 | Mail fraud and aiding and abetting. | 11-2-2008 | 190 |
| 18:1341 and 2 | Mail fraud and aiding and abetting. | 1-11-2008 | 191 |
| 18:1341 and 2 | Mail fraud and aiding and abetting. | 7-3-2008 | 192 |
| 18:1341 and 2 | Mail fraud and aiding and abetting. | 4-3-2009 | 193 |
| 18:1341 and 2 | Mail fraud and aiding and abetting. | 11-19-2008 | 194 |
| 18:1201(a)(1) and 2 | Kidnapping and aiding and abetting. | 10-31-2011 | 196 |

AO 245C (Rev 02/18) Amended Judgment in a Criminal Case
Sheet 2 — Imprisonment
Case 2:13-cr-00025-CMR   Document 434   Filed 09/04/18   Page 6 of 14
(NOTE: Identify Changes with Asterisks (*))

Judgment --- Page   6   of   14

DEFENDANT: McIntosh, Jean
CASE NUMBER: DPAE2:13CR00025-002

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :
480 months on each of counts 1, 7, 8, 9, 10, 11, 16 through 19, 21, 22, 28, 30, 33, 34 and 196; a term of 60 months on count 2; a term of 120 months on each of counts 3 through 6 and 43; a term of 36 months on each of counts 12, 13, 20, and 35; and a term of 240 months on each of counts 14, 27, and 52 through 194, all terms of sentence shall run concurrently to each other for a total term of 480 months.

X   The court makes the following recommendations to the Bureau of Prisons:
The Court recommends defendant be classified to an institution outside of the East Coast where she can participate in the Bureau of Prisons Inmate Financial Responsibility Program.

X   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

☐ at          ☐ a.m.   ☐ p.m.   on

☐ as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on                      to
at                         with a certified copy of this judgment.



UNITED STATES MARSHAL

By

DEPUTY UNITED STATES MARSHAL

DEFENDANT: McIntosh, Jean
CASE NUMBER: DPAE2:13CR00025-002

## ADDITIONAL IMPRISONMENT TERMS

The Court directs that defendant receive credit for all time served while in custody on this matter since the date of her arrest, October 18, 2011.

Defendant shall have no contact with the victims in this matter.

DEFENDANT: McIntosh, Jean
CASE NUMBER: DPAE2:13CR00025-002

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

(*) 5 years on each of counts 1, 7 through 11, 16 through 19, 21, 22, 28, 30, 33, 34 and 196; a term of 3 years on of counts 2 through 6, 14, 27, 43, and 52 through and 194; and a term of 1 year on each of counts 12, 13, 20, and 35, all terms of sentence shall run concurrently to each other for a total term of 5 years.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☒ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: McIntosh, Jean
CASE NUMBER: DPAE2:13CR00025-002

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____    Date _____

AO 245C (Rev 02/18) Amended Judgment in a Criminal Case
Sheet 3D — Supervised Release
Case 2:13-cr-00025-CMR   Document 434   Filed 09/04/18   Page 10 of 14
(NOTE Identify Changes with Asterisks (*))

Judgment Page 10 of 14

DEFENDANT:     McIntosh, Jean
CASE NUMBER:   DPAE2:13CR00025-002

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall participate in a mental health program for evaluation and/or treatment and abide by the rules of any such program and remain until satisfactorily discharged.

The defendant shall participate in a program at the direction of the probation officer aimed at learning a vocation, or improving the defendant's literacy, education level, or employment skills in order to develop or improve skills needed to obtain and maintain gainful employment. The defendant shall remain in any recommended program until completed or until such time as the defendant is released from attendance by the probation officer.

Defendant shall provide her probation officer with full disclosure of her financial records to include yearly income tax returns upon request. The defendant shall cooperate with her probation officer in the investigation of her financial dealings and shall provide truthful monthly statements of her income.

Defendant shall not incur any new credit card charges or open additional lines of credit without the approval of her probation officer unless she in compliance with a payment schedule for any Court-ordered financial obligations. Defendant shall not encumber or liquidate interest in any assets unless it is in direct service her Court-ordered financial obligation or otherwise has the express approval of the Court.

Defendant shall have no contact with the victims in this matter.

AO 245C (Rev 02/18) Amended Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties
(NOTE: Identify Changes with Asterisks (*))

Case 2:13-cr-00025-CMR   Document 434   Filed 09/04/18   Page 11 of 14

Judgment — Page 11 of 14

DEFENDANT: McIntosh, Jean
CASE NUMBER: DPAE2:13CR00025-002

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **JVTA Assessment*** | **Fine** | **Restitution** |
|---|---|---|---|---|
| **TOTALS** | $ 17,200.00 | $ N/A | $ NONE | $ 70,101.23 |

☐ The determination of restitution is deferred until entered after such determination. An *Amended Judgment in a Criminal Case* (AO 245C) will be

X The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss**** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Social Security Administration<br>Debt Management Section<br>Attn: Court Refund<br>P.O. Box 2861<br>Philadelphia, PA 19122 | $70,101.23 | $70,101.23 | 100% |
| **TOTALS** | $ --- | $70,101.23  $ -  | $70,101.23 |

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

   X the interest requirement is waived for    ☐ fine    X restitution.

   ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

---

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev 02/18) Amended Judgment in a Criminal Case
Sheet 5 A -- Criminal Monetary Penalties
(NOTE: Identify Changes with Asterisks (*))

Case 2:13-cr-00025-CMR   Document 434   Filed 09/04/18   Page 12 of 14

Judgment  Page   12   of   14

DEFENDANT: McIntosh, Jean
CASE NUMBER: DPAE2:13CR00025-002

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

The defendant's restitution obligation shall not be affected by any restitution payments made by any other indicted or unindicted co-conspirators, except no further payments shall be required after the sum of the amounts actually paid by all involved persons has fully satisfied this loss

DEFENDANT: McIntosh, Jean
CASE NUMBER: DPAE2:13CR00025-002

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☐ Lump sum payment of $ _____ due immediately, balance due

  ☐ not later than _____ , or
  ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☒ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☒ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☒ Special instructions regarding the payment of criminal monetary penalties:

   If defendant should become employed while incarcerated then monies earned may be applied to her Court-ordered financial obligations at a minimum rate of $25.00 per quarter. All remaining balances of Court-ordered financial obligations shall become a condition of defendant's supervised release and paid at a rate of no less than $50.00 per month. Payments shall begin 60 days upon defendant's release from custody.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several

  Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.
  SEE NEXT PAGE

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

DEFENDANT: McIntosh, Jean
CASE NUMBER: DPAE2:13CR00025-002

## ADDITIONAL DEFENDANTS AND CO-DEFENDANTS HELD JOINT AND SEVERAL

| Case Number Defendant and Co-Defendant Names (including defendant numbers) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| Jean McIntosh (13-25-2) | $70,101.23 | $70,101.23 | Social Security |
| Linda Weston (13-25-1) | $273,468.23 | $70,101.23 | Administration |